[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : August 31, 1995 Date of Application : September 6, 1995 Date Application Filed : September 21, 1995 Date of Decision : June 25, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR 93-218443;
John R. Williams, Defense Counsel, for Petitioner.
Maureen Keegan, Assistant State's Attorney, for the State. CT Page 4405-R
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 38 years old at the time of sentencing, pleaded guilty to a substitute information charging him with Manslaughter, 1st degree (§ 53a-55 (a)(1). There was no sentencing agreement although the petitioner was aware the State would ask the Court to impose the maximum sentence of twenty years. The Court imposed a sentence of twenty years, execution suspended after sixteen years, with a five year probationary period, with two hundred hours of community service as a specific condition of probation.
The factual basis for the plea was that following a verbal argument between the petitioner and his brother, the petitioner went upstairs to his apartment (the victim and the petitioner lived on different floors of the same building) where he obtained a handgun, came out to the hallway and shot the victim in the chest, causing his death. The victim was forty-one years of age. The petitioner asks the Division to consider the following positive factors: he has no prior record; he has been a good father to his three children (who live with their mother, from whom the petitioner is divorced); he comes from a good and supportive family. On the other hand, the victim had a criminal record and was on probation at the time. The victim reportedly had cocaine and alcohol in his system when he died and had a history of assaultive behavior, including against the petitioner. In his remarks to the Division, the petitioner stated he was afraid of his brother's violence and reacted in fear when he shot him.
The State's Attorney pointed out that all these things were factored into its decision to reduce the charge from Murder, thereby lessening the potential jail time from sixty years to twenty years, and the Court gave him consideration beyond that. She argues that the sentence was fair and proportionate. CT Page 4405-S
The sentencing court specifically commented on the religious faith of the Benjamin family, the positive qualities of the petitioner including service in the army. The Court also noted the tragedy when a person becomes angry and resorts to getting a gun to resolve their disputes. While the victim may have been abusive to others, in this instance he was not armed and his life was needlessly ended. The victim was himself married for twenty-five years and had five children. He was described by his wife as a good hearted person.
As the sentencing Court indicated, it really is inexcusable for someone to shoot another person over an argument about forgetting to buy cigarettes. One can find little justification or rational explanation for so needlessly taking the life of another.
The Division has considered this sentence pursuant to the provisions of § 942 of the Practice Book. We find it to be within the reasonable parameters of the sentencing Court's discretion. It is neither disproportionate nor inappropriate. Accordingly, it is affirmed.
Purtill, Klaczak and Miano, J.s, participated in this decision.